KEATY, Judge,
dissenting.
Iiln my view, NOV is not Driesse’s employer under the LEDL. The LEDL defines an employer as a “legal or commercial entity, ... receiving services from an employee and, in return, giving compensation of any kind to an employee.” La.R.S. 23:302(2). An employee is defined by the LEDL as “an individual employed by an employer.” La.R.S. 23:302(1). Pursuant to the definition of an employer under the LEDL and the jurisprudence interpreting same, NOV can only be considered Driesse’s employer if it gave him, individually, compensation “of any kind[.]” La. R.S. 23:302(2); see Duplessis v. Warren Petroleum, Inc., 95-1794 (La.App. 4 Cir. 3/27/96), 672 So.2d 1019 and Langley v. Pinkerton’s Inc. & Capital City Press, L.L.C., 220 F.Supp.2d 575 (M.D.La.2002). In this case, the evidence shows that Lof-ton, and not NOV, compensated Driesse. The strict definition of an employer under the LEDL, however, requires NOV to compensate Driesse individually and not through “an intermediary” such as Lofton. There is no statutory or jurisprudential authority allowing “an intermediary” to be a substitute for an employer under the LEDL. Although unfair, I believe that the power to change the definition of an employer under the LEDL rests with the legislature and not this court. Accordingly, I would affirm this matter in its entirety-